UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00017-GNS-LLK

DEANA BURKEEN and
TIMOTHY BURKEEN                                                                                      PLAINTIFFS

v.

A.R.E. ACCESSORIES, LLC; and
GENERAL MOTORS, LLC                                                                                  DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Dismiss filed on behalf of General Motors, LLC ("GM") (DN 21). For the reasons outlined below, the motion is **GRANTED**.

**I.     STATEMENT OF FACTS AND CLAIMS**

Plaintiffs Deana and Timothy Burkeen brought suit against A.R.E. Accessories, LLC ("A.R.E.") for negligence and strict products liability, and loss of consortium, respectively, for injuries sustained by Deana Burkeen ("Burkeen") on January 12, 2015, when she lost control of her husband's GMC pickup truck and collided with an oncoming vehicle in Graves County, Kentucky. (Am. Compl. ¶ 11, DN 18). This initial collision caused the other vehicle to spin around and strike the back of the Burkeen's truck. (Am. Compl. ¶ 11). As a result of the crash, the truck bed cover on the back of Burkeen's truck, manufactured by A.R.E., detached and entered the cab of the truck; a "D-ring" protruding from the cab of the truck allegedly hit Burkeen in the head causing serious injuries. (Am. Compl. ¶ 11).

1

Plaintiffs amended the Complaint adding GM as a defendant on October 19, 2016. In GM's Motion to Dismiss, it argues that Plaintiffs' Amended Complaint is barred by the one-year statute of limitations governing personal injury claims and that the Amended Complaint failed to plead sufficient facts to support the claims of negligence and strict liability. (Def.'s Mot. Dismiss, DN 21). The subject motion has been briefed and is ripe for decision.

## II.     JURISDICTION

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different States . . . . [A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(a)(1), (c)(1). Both parties are citizens of different states, and the amount in controversy exceeds the minimum jurisdictional limit of this Court. (Am. Compl. ¶¶ 4, 15).

## III.     STANDARD OF REVIEW

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," and is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 8(a)(2); Fed. R. Civ. P 12(b)(6). When considering a motion to dismiss, courts must presume all factual allegations in the complaint to be true and make all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)). To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615

2

F.3d 622, 627 (6th Cir. 2010) (internal quotation marks omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

## IV. DISCUSSION

### A. Applicable Statute of Limitations

The statute of limitations applicable to Burkeen is the extended two-year period provided in the Motor Vehicle Reparations Act ("MVRA"). KRS 304.39-010. Generally, an action for personal injury in Kentucky must be brought within one-year after the action accrued. KRS 412.140(1)(a). However, where the injured party is a motor vehicle accident victim, the MVRA extends the limitations period to two years. *See Troxell v. Trammell*, 730 S.W.2d 525, 526 (Ky. 1987). In particular, the statute provides that "[a]n action for tort liability not abolished by the KRS 304.39-060 may be commenced not later than two (2) years after the injury, or the death, or the last basic or added reparation payment made by any reparation obligor whichever later occurs." KRS 304.39-230(6). This extended statute of limitation allows victims of motor vehicle accidents adequate time "to look first to their no-fault benefits and then pursue a tort claim if necessary . . . regardless of whether the tort claim to be pursued is against a motorist or a nonmotorist." *Bailey v. Reeves*, 662 S.W.2d 832, 834 (Ky. 1984).

In applying the statute, three conditions must be met: the liability must sound in tort, the accident must occur within this commonwealth, and the accident must arise out of the use of a motor vehicle. *See Cooke v. Bd. of Claims*, 743 S.W.2d 32, 33 (Ky. App. 1987). "'Use of a motor vehicle' means any utilization of the motor vehicle as a vehicle including occupying,

3

entering into, and alighting from it." KRS 304.39-020(6). "It is sufficient if the injury is a natural and reasonable incident or consequence of the use of the vehicle . . . ." *W. Am. Ins. Co. v. Dickerson*, 865 S.W.2d 320 (Ky. 1993). All three conditions are met in the present case. Plaintiffs have brought suit alleging negligence and strict products liability, the accident occurred within this Commonwealth, and the accident arose out of the use of a motor vehicle as a vehicle.

GM advances three arguments in opposition. First, it argues that the MVRA is inapplicable to "enhanced injury cases," as recognized in *Toyota Motor Corp. v. Gregory*, 136 S.W.3d 35, 41 (Ky. 2004).[1] (Def.'s Reply Mem. Supp. Mot. Dismiss 6). To the contrary, in *Worldwide Equipment, Inc. v. Mullins*, 11 S.W.3d 50 (Ky. App. 1999), the court held that the two-year statute of limitations in the MVRA applied when a product defect led to an enhanced injury. *See id.* at 59. In *Worldwide*, Mullins brought a claim against Worldwide for strict liability, claiming that the absence of a rear "underride guard" or bumper on a vehicle enhanced his injuries. *Id.* The court explained, "[w]e have a duty to accord statutory words their literal meaning, unless a verbatim connotation would lead to a wholly unreasonable or absurd conclusion." *Id.* at 59 (citation omitted).

Prior to the *Mullins* decision, the Kentucky Supreme Court had reasoned with respect to the MRVA that "[i]t is reasonable to assume that the legislature intended exactly what it said when it made the two year statute for 'an action for tort liability' prescribed in KRS 304.39-230(6) part of the Motor Vehicle Reparations Act, that two years applies to all tort actions not abolished by the Act." *Goodin v. Overnight Transp. Co.*, 701 S.W.2d 131, 133 (Ky. 1985) (addressing the question of law posed by a sister court and concluding that a claim arising from

---

[1] Since *Gregory*, the Kentucky Supreme Court has not defined the concept of an enhanced injury case.

4

the unloading of a trailer fell under the MVRA). Thus, the two-year statute of limitations in the MVRA applies to Burkeen's tort claims.

Second, GM argues that the MVRA's two-year statute of limitations should not apply to this products liability action because it is not within the purview of the MVRA. The defense focuses on the purpose of the statute being "to provide prompt payment to victims of motor vehicle accidents without regard to whose negligence caused the accident in order to eliminate the inequities which fault based determination has created." (Def.'s Reply Mem. Supp. Mot. Dismiss 6 (quoting KRS 304.39-010(2))). Although, the statute clearly created a no-fault system, it did more than that. In *Crenshaw v. Weinberg*, 805 S.W.2d 129 (Ky. 1991), the Kentucky Supreme Court held:

> [T]he purview of this Act was automobile insurance reform, not just to make the no-fault option available, and not just to benefit automobile liability insurance carriers by limiting the scope of liability claims where no-fault applied. The primary purpose of the Act is to benefit motor vehicle accident victims by reforming, and in some areas broadening, their ability to make and collect claims. One of these areas is by extending the statute of limitations in all actions for tort liability involving a motor vehicle accident victim "not abolished by KRS 304.39-060.

*Id.* at 131 (quoting KRS 304.39-230(6)). Thus, GM's argument that the purview of the MVRA excepts products liability claims is rejected. *See State Farm Mut. Auto. Ins. Co. v. Rains*, 715 S.W.2d 232, 234 (Ky. 1986).

GM next argues that applying the MVRA to this case would lead to a potential double recovery for Burkeen. (Def.'s Reply Mem. Supp. Mot. Dismiss 6). However, when an action is brought within the MVRA the person receiving personal injury protection ("PIP") benefits from an insurer on behalf of a person injured in a motor vehicle accident "has no right of tort recovery for [the] same from any alleged tort feasor." *Lafferty v. United States*, 880 F. Supp. 1121, 1128 (E.D. Ky. 1995) (citations omitted). Thus, this provision eliminates the possibility of double

5

recovery. For instance, in *Dudas v. Kaczmarek*, 652 S.W.2d 868 (Ky. App. 1983), a tortfeasor driver was entitled to have the judgment against him reduced by $10,000, which was the maximum amount of basic reparation benefits payable under KRS 304.39-020(2), rather than by $8,008.85, which was the amount of basic reparation benefits actually paid by the injured passenger's insurer. *See id.* at 870-71. Potential double recovery is not a valid reason to avoid application of the MVRA to this case.

Conversely, the two-year statute of limitations does not extend to Timothy Burkeen's claim for loss of consortium because his claim is not within the purview of the MVRA. "Rather, the two year statute of limitation applies only to the institution of a suit by an injured person or in the event of injury resulting in death, by those entitled to survivor's benefits. *Floyd v. Gray*, 657 S.W.2d 936, 939 (Ky. 1983). In *Floyd*, the Kentucky Supreme Court held that "loss of consortium is not a recoverable injury within the purview of MVRA." *Id*. at 938. Thus, a claim for loss of consortium is an independent claim governed by the one-year personal injury statute of limitations. KRS 413.140(1)(a). Therefore, the action for loss of consortium asserted in the Amended Complaint on behalf of Timothy Burkeen is barred by the statute of limitations because it was not asserted within one year following the accident.

### B. Failure to Plead Sufficient Facts

Although Burkeen brought her claims for negligence and strict liability within the applicable statute of limitations, the Court must still examine GM's Motion to Dismiss on the ground that the Amended Complaint fails to plead sufficient facts to state a cause of action under of Fed. R. Civ. P. 8. (Def.'s Mot. Dismiss 7-8). In order to survive dismissal for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal

quotation marks omitted) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citation omitted). "But the district court need not accept a bare assertion of legal conclusions." *Id*. (internal quotation marks omitted) (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). As discussed below, the allegation that Burkeen's head "contacted a protruding D-ring" does not state sufficient facts to support her claim against GM.

Under Kentucky law, to succeed on a negligence claim a plaintiff must establish that: (1) a defendant owed a duty of care to the plaintiff; (2) the defendant breached its duty; and (3) the breach proximately caused the plaintiff's damages. *Vanden Bosch v. Bayer Healthcare Pharms., Inc.*, 13 F. Supp. 3d 730 (W.D. Ky. 2014) (citing *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky. 1992)). In *Vanden Bosch*, this Court dismissed a negligent design and manufacture claim against Bayer because, although Plaintiffs claimed that Bayer failed to exercise due care and created a product that was "dangerous to users," they did not assert any facts to support their allegations. The Court held:

> Plaintiffs do not allege *how* the Mirena® is defectively designed, nor do they allege *how* their specific Mirena® devices were defective due to manufacturing. It is not enough for Plaintiffs to simply rely on their basic injury allegations and argue that the product was somehow defective because it was "dangerous."

*Id.* at 742 (emphasis in original).

7

Here, Plaintiffs have done just that. They allege that GM "negligently designed, assembled, manufactured, marketed, and sold the subject 2007 GMC Sierra ("pick-up truck") in such a manner that it created an unreasonable danger of physical harm and injury to the reasonably foreseeable and intended users of the subject pick up truck, including Deana." (Am. Compl. ¶ 23). Plaintiffs offer no support as to *how* the GMC truck was negligently designed or manufactured. Instead, the Amended Complaint merely recites the elements of negligence: duty, breach, causation, and damages. (Am. Compl. ¶¶ 23-26).

Plaintiffs have also failed to plead sufficient facts to support a products liability claim. To prevail in a strict liability action for a design defect, Kentucky law requires a plaintiff to establish:

> (1) [T]hat there is a product, which is (2) in a defective condition unreasonably dangerous to the user or consumer or his property, and (3) which reaches the user or consumer without substantial change in the condition in which it is sold; (4) that the product is sold by one who is engaged in the business of selling such a product which (5) results in physical harm to the ultimate user or consumer or his property. A plaintiff must also offer proof of an alternative, safer design that is practicable under the circumstances.

*Vanden Bosch*, 13 F. Supp. 3d at 742 (citations omitted). Again, the Amended Complaint does no more than recite the elements of the cause of action. As to the claimed design defect, Burkeen neither states how the GMC truck was defectively designed nor does she offer any facts to support her allegation of an alternative, safer design.

The Amended Complaint also nominally asserts a claim of a manufacturing defect. To state such a claim requires an allegation that the product was "in a defective condition because it was not manufactured or assembled in accordance with its specifications and that the condition caused the alleged injuries." *Id*. at 743 (internal quotation marks omitted) (citation omitted). As to a claimed manufacturing defect, Burkeen does not allege that the GMC truck "was not

manufactured or assembled in accordance with its specifications." *Id.* Thus, she has no claim against GM for defective manufacture.

In opposing dismissal of her claims against GM, Burkeen cites the U.S. Supreme Court's decision in *Swierkiewicz v. Sorema*, 534 U.S. 506 (2002), in which the court held that "a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Id.* at 512 (internal quotation marks omitted) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). This case has no application here. *Swierkiewicz* was an employment discrimination case, which preceded *Twombly*. It relied on the pleading standards in *Conley v. Gibson*, which was later rejected by *Twombly* and *Iqbal*.

The Amended Complaint fails to properly plead negligence or strict liability against GM. Although Burkeen by rote lists the elements of each cause of action in the Amended Complaint, she relies solely on legal conclusions and bare recitation of the elements of the claims asserted, devoid of any factual support. She does not state how GM was negligent or how that negligence led to her injuries. Burkeen also failed to include: (i) a reasonable alternative, as required to establish a design defect; or (ii) that the product was not manufactured in accordance with its specification, which is required to establish a manufacturing defect. For these reasons, the motion to dismiss must be granted.

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (DN 21) is **GRANTED**, and Plaintiffs' claims against General Motors, LLC are **DISMISSED WITH PREJUDICE**. The loss of consortium claim asserted by Plaintiff Timothy Burkeen may not be brought under the MVRA and is therefore barred by the one-year statute of limitations for personal injury claims. Although, the two-year statute of limitations applies to

Plaintiff Deana Burkeen's claims of negligence and strict liability, she has failed to plead sufficient facts to support these claim.

**Greg N. Stivers, Judge**
**United States District Court**
July 25, 2017

cc: counsel of record