UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DEANA BURKEEN and  PLAINTIFFS
TIMOTHY BURKEEN,

v.  NO. 5:16-cv-00017-GNS

A.R.E. ACCESSORIES, LLC; and
GENERAL MOTORS, LLC  DEFENDANTS

### MEMORANDUM IN SUPPORT OF PLAINTIFFS MOTION TO ALTER OR AMEND THE COURT'S MEMORANDUM OPINION AND ORDER ENTERED JULY 26, 2017

\*\*   \*\*   \*\*\*   \*\*   \*\*

Plaintiffs, Deana Burkeen and Timothy Burkeen, by counsel, submit this memorandum in support of their motion to alter or amend the Court's *Memorandum and Opinion and Order* entered July 26, 2017.

### PROCEDURAL BACKGROUND

In their Original Complaint filed in the Graves Circuit Court in Kentucky, Plaintiffs brought their negligence and strict products liability claims against A.R.E. Accessories, LLC ("ARE Accessories"), the manufacturer of the tonneau cover attached to the bed of their GMC pickup truck.  When Plaintiff, Deana Burkeen ("Deana"), lost control of the pickup truck on a snow-covered bridge, the pickup truck collided with an SUV.  Said tonneau cover detached from the pickup truck's bed during the second collision of the SUV with the rear of the pickup truck.  A corner of the tonneau cover broke through the rear window of the pickup truck and entered the interior of the cab.  In their complaint

Plaintiffs brought claims of negligence, strict products liability, and a claim for loss of spousal consortium against ARE Accessories. ARE Accessories removed the case from Graves Circuit Court to this Court on February 5, 2016. [DN 1]

After some discovery, it was determined that during the wreck Deana's body moved, even though she was properly restrained, and her head struck a metal D-ring protruding from the back of the cab of the pickup truck. Deana suffered severe head injuries due to the combination of the tonneau cover crashing into the cab and the protruding D-ring.

On October 19, 2016, this Court granted Plaintiffs leave to amend the Original Complaint [DN 17] to add the manufacturer of the pickup truck, General Motors, LLC ("GM"), against whom they asserted claims of negligence, strict products liability, and a claim for loss of spousal consortium. The Amended Complaint [DN 18] was filed on that same day. On November 15, 2016, without answering the Amended Complaint, GM filed a motion to dismiss [DN 21] the claims Plaintiffs made against it. After the issues were fully briefed, this Court granted GM's motion and dismissed Plaintiffs' claims against GM "with prejudice" in its *Memorandum Opinion and Order* entered on July 26, 2017 [DN 35].

## STANDARD FOR MOTION TO ALTER OR AMEND

According to Fed. R. Civ. P. 59(e), "a party may move to alter or amend a judgment no later than 28 days after entry of a judgment." A Rule 59(e) motion is granted if there is:

(1)   a clear error of law

(2)   newly-discovered evidence;

 (3) an intervening change in controlling law; or

 (4) a need to prevent manifest injustice.

*See Halcomb v. Black Mountain Resources, LLC*, 303 F.R.D. 496, 499 (E.D.Ky. 2014).

## ARGUMENT

### I.

### Alteration or Amendment of The Court's July 26, 2017 Order is Necessary to Prevent Manifest Injustice.

Deana was severely and permanently injured in a wreck that occurred on January 15, 2015. This Court correctly determined that the two-year statute of limitations under the Kentucky Motor Vehicle Reparations Act applied to Deana's negligence and strict products liability claims against GM. *Memo. Opn. & Order* at 8-9.

This Court also stated: "The allegation that Burkeen's head 'contacted a protruding D-ring' does not state sufficient facts to support her claim against GM." *Id.* at 7. The Court concluded:

> The Amended Complaint fails to properly plead negligence or strict liability against GM. Although Burkeen by rote lists the elements of each cause of action in the Amended Complaint, she relies solely on legal conclusions and bare recitation of the elements of the claims asserted devoid of any factual support.

*Id*. at 9. However, Plaintiffs <u>do not</u> rely solely on the elements of the causes of action they plead and the Amended Complaint provides factual support for said causes of action.

When Plaintiffs filed their complaint, the only defective product information available to their counsel at that time concerned the ARE Accessories tonneau cover. As soon as counsel became aware there may be a legitimate claim against GM, the tolling of the two-year statute of limitations was eminent. Counsel sought leave to

-3-

amend the complaint based on information available at the time, i.e., that Deana Burkeen's head hit the metal D-ring that was protruding into the pickup truck's cab. In the Amended Complaint, Plaintiffs' counsel set out what they believed was sufficient to state a claim against GM. Almost immediately after the Court granted Plaintiffs leave to amend and the Amended Complaint was deemed filed, GM moved to dismiss Plaintiffs' claims against it.

Since becoming aware of the legitimate claim against GM, counsel for Plaintiffs have worked diligently on further developing their contentions concerning the subject D-ring that intruded into the cab of the truck without sufficient protection. The work includes intensive review and study of the federal regulations governing the interior of the subject pickup truck and the safety of its occupants, namely Deana. Deana should not be penalized for factual details not available to her at the time she sued GM.

In *Schwaninger v. Hyundai Motor Co.*, No. 15-cv-858-JPG-RJD, 2017 U.S.Dist. LEXIS 101234, 2017 WL 2812970 (S.D.Ill. June 29, 2017), the district court recently ruled on a motion to dismiss the claims the plaintiff made against an added defendant in the plaintiff's amended complaint on similar grounds involving the sufficiency of the allegations. The district court set out the federal pleading standard:

> Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007). A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think: What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original). Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555. If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of

> notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667. "**Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense**." *Iqbal*, 556 U.S. at 679.

*Swaninger* at *16-17 (emphasis added). The district court drew from its "judicial experience and common sense" and found the allegations plausibly suggested the plaintiff had a right to relief under the theories of negligence and strict liability.

> In the Court's experience, product liability pleadings in automobile accident cases are often pled without great detail; **the plaintiff can identify a part (or more than one part) of the vehicle that failed to perform as she expected and that she believes caused her injury, but at the time of the pleading she does not know the details of the failure or its exact cause. Further factual detail can be — and surely will be — fleshed out during discovery once witnesses are deposed, documents and physical items are examined by experts, and a causal theory is clarified.** At this point in the case, the level of factual detail Schwaninger has provided in the First Amended Complaint is typical and is clearly sufficient to allow Hyundai Mobis to defend the claims against it.

*Id.* at *19 (emphasis added).

Like the *Schwaninger* case, Deana's case involves an "automobile accident." Her allegations against GM have been plead with sufficient detail. She should be allowed to flesh out further factual details in discovery.

In the interest of preventing manifest injustice to Deana, Plaintiffs request that the Court amend or alter its July 26, 2017 *Memorandum Opinion and Order* by setting aside or vacating said Order and allow Deana's claims against GM to proceed.

## II.

### Plaintiffs Seek Justice Through Amendment of Their Complaint.

In the alternative, Plaintiffs request the Court to alter or amend the July 26, 2017 Memorandum Opinion and Order in such a manner as to allow Plaintiffs to file an

amended complaint. Concurrently, and in conjunction with this filing of this motion, Plaintiffs are filing a Motion for Leave to File a Second Amended Complaint. The Plaintiffs seek permission to amend their original claims against GM to include more particular information Plaintiffs have developed since bringing their claims against GM concerning the defect in the pickup truck involving the protruding metal D-ring that Deana's head hit during the wreck.

In order to avoid manifest injustice to Plaintiffs, the Court should allow them leave to file a Second Amended Complaint to correct deficiencies in their claims against GM. The case GM and this Court cites regarding the sufficiency of the plaintiffs' pleading is *Bosch v. Bayer Healthcare Pharmaceuticals*, 13 F. Supp. 3d 730 (W.D.Ky. 2014) ("*Bosch II*"). That case does not involve a wreck. It involves a defective medical device. The history of *Bosch II* reveals that the district court's decision to dismiss the plaintiffs' claims was rendered in regard to an amended complaint, which the court had allowed the plaintiffs to file for the purpose of pleading their negligence and strict products liability claims against the defendants more particularly than they had done in their original complaint.

In *Bosch v. Bayer Healthcare Pharmaceuticals*, No. 3:13-CV-00656-JHM, 2013 WL 565611 (W.D.Ky. Oct. 16, 2013) ("*Bosch I*"), the district court found that the plaintiffs' original complaint against the defendant contained "both factual and legal deficiencies." *Id.* at *3. The district court held:

> Here, the Court finds that justice requires that Plaintiffs be granted leave to amend their complaint. The case is still in its earliest stages, having been recently filed – on April 25, 2013. Further, Plaintiffs have not previously amended their complaint or sought leave to amend.

*Id.* at *3. In support of its decision, the district court stated:

> The Court's decision to grant Plaintiff leave is supported by case law. The Sixth Circuit has held that leave to amend is appropriate in some cases, even in the absence of a motion to amend. *See Brown v. Matauszak*, 415 Fed. App'x 608, 616 (6th Cir. 2011). Further the Sixth Circuit has noted, "at least three circuits have held **that if a complaint is vulnerable to a motion to dismiss, the district court must first permit the plaintiff to file a curative amendment, even if the plaintiff does not seek leave to amend.**" *Id.* (internal citations omitted). In addition, at least two district courts in Kentucky have used their discretion to determine that certain plaintiffs should be permitted to amend their complaints despite requesting to amend in their responses – instead of in formal motions. *See, e.g., Pixler v. Huff*, 2011 WL 5597327, at *15-16 (W.D.Ky. Nov. 17, 2011); *Cox ex rel. Dermitt v. Liberty Healthcare Corp.*, 622 F. Supp. 2d 487, 501-02 (E.D.Ky. 2008).

*Bosch I* at *3 (emphasis added).

In *Bosch I*, the plaintiffs had not filed a formal motion to amend their complaint with their response to the defendants' motion to dismiss. In their response to the defendants' motion to dismiss, the plaintiffs proposed amending their complaint as an alternative to dismissal of the complaint if the court determined they were deficient in pleading their claims.

As more than twenty-one (21) days have passed after GM filed the motion to dismiss under Fed. R. Civ. P. 12(b)(6), Plaintiffs must seek the Court's permission to file an amended complaint. See Fed. R. Civ. P. 15(a)(1). Fed. R. Civ. P. 15(a)(2) states: "In all other cases, a party may amend its pleadings only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Deana should not be penalized because they did not seek leave to amend their claims against GM sooner. The defect, which existed at the time Plaintiffs brought their claims against GM, has been brought more into focus and additional facts can now be set out in an amended complaint against GM.

It is a matter of justice that Deana be allowed to amend her claims against GM, as was recognized by the district court in *Bosch I*. The Court's July 27, 2017 *Memorandum Opinion and Order* should be altered or amended to prevent manifest injustice.

In *House v. Bristol-Myers Squibb Co.*, No. 3:15-CV-00894-JHM, 2016 U.S. Dist. LEXIS 180869, 2017 WL 55876 (W.D.Ky. Jan. 4, 2017), the U.S. District Court for the Western District of Kentucky addressed the sufficiency of the allegations in a negligence and strict products liability action. The court applied its holding *Bosch II* and granted the defendants' motion to dismiss. In her response to the motion, the plaintiff had asked for alternative relief to be allowed to file an amended complaint. *Id.* at *27-28. However, the plaintiff did not file a formal motion, nor tender an amended complaint for consideration. In its decision identifying the deficiencies in the allegations, the court allowed the plaintiff to file a motion for leave to amend her complaint. The court dismissed all of the counts in the plaintiff's complaint **without prejudice**, providing the plaintiff an opportunity to amend without filing a motion to alter or amend under Fed. R. Civ. P. 59(e).

Plaintiffs respectfully request that the Court alter or amend its July 26, 2017 Memorandum Opinion and Order by amending it to state "dismissed without prejudice" in order to allow Plaintiffs to seek leave from the Court to file a Second Amended Complaint to more specifically allege the facts supporting Deana's negligence claim and her strict products liability claim against GM.

WHEREFORE, for the reasons set out above, Plaintiffs respectfully request the Court to grant their motion to alter or amend its Memorandum Opinion and Order of July

26, 2017 and to set aside or vacate the Order, or amend the Order to state the dismissal is "without prejudice."

                                 RESPECTFULLY SUBMITTED,

Richie W. Kemp
KEMP & WRIGHT
117 West Broadway
P.O. Box 454
Mayfield, Kentucky   42066
(270) 247-7111   •   (877) 247-3561
richie@kempwright.com

and

MOORE, MALONE & SAFREED
104 East Fourth Street
P.O. Box 549
Owensboro, Kentucky   42302-0549
(270) 683-4513   •   (270) 683-4565 (fax)
cemoore@moorelaw.org
ddmoorman@moorelaw.org


By:  /s/ Charles E. Moore
      Charles E. Moore
      Dion Moorman

ATTORNEYS FOR PLAINTIFFS