UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00017-GNS-LLK

DEANA BURKEEN and
TIMOTHY BURKEEN                                                                PLAINTIFFS

v.

A.R.E. ACCESSORIES, LLC; and
GENERAL MOTORS LLC                                                          DEFENDANTS

<u>GENERAL MOTOR LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S MEMORANDUM OPINION AND ORDER ENTERED JULY 26, 2017</u>

GENERAL MOTORS LLC ("GM LLC"), submits this opposition to the plaintiff's motion to alter or amend the court's July 26, 2017 memorandum opinion and order.

<u>Argument</u>

The crash that gave rise to this lawsuit occurred over two and a half years ago, on January 15, 2015.  The plaintiffs first filed suit on February 3, 2016.  A.R.E. Accessories removed the case to this Court two days later on February 5, 2016.  Seven months later and eighteen months after the crash, the plaintiffs moved to add GM LLC as a defendant.  The Court granted leave to add GM LLC on October 19, 2016.  GM LLC filed its motion to dismiss three weeks later on November 15, 2016.  The Court granted the motion on July 26, 2017.  Now, two and half years after the crash and a year and a half after the case was removed to this Court, the plaintiffs are asking for another chance to comply with federal pleading requirements.  Their request is deficient and should be denied.

A motion for reconsideration of an order may be granted where there is "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).  The plaintiffs

do not argue that any of the first three reasons apply here. They argue only manifest injustice. They offer two reasons: first, that the Court was mistaken in finding the allegations in their first amended complaint were insufficient, and second that the Court should have granted them leave to amend again. Neither reason has merit.

I.     Rule 59(e) Is Not a Vehicle for Rearguing Failed Points.

The plaintiffs' argument that the first amended complaint was sufficient is the same argument they made before and lost. The plaintiffs argue that they "set out what they believed was sufficient to state a claim against GM" and then explain why they believed the complaint was sufficient. Memorandum in Support of Plaintiffs' Motion to Alter or Amend (ECF 36-1), p. 4. That is improper. "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *United States ex rel. American Textile Mfrs. Inst. v. Limited*, 179 F.R.D. 541, 547 (S.D. Ohio 1998). "Mere dissatisfaction with the Court's factual or legal rulings . . . does not meet the manifest injustice standard; the motion for reconsideration should be more than a forum to express dissatisfaction with the result ordered in the Court's opinion." K*ansas City Fire & Marine Ins. Co. v. Consolidated Rail Corp.*, No. 97-8134, 1999 U.S. Dist. LEXIS 10545 at *1 (E.D. Pa. July 14, 1999). Rule 59(e) motions are not proper vehicles for rearguing adverse decisions. *J.P. v. Taft*, No. C2-04-692, 2006 U.S. Dist. LEXIS 14595 *13 (S.D. Ohio Mar. 15, 2006). "If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." *Vanguard Transp. Sys. v. Volvo Trucks N. Am., Inc.*, No. 2:04-cv-889, 2006 U.S. Dist. LEXIS 78824 at *6 (S.D. Ohio Oct. 30, 2006). A Rule 59(e) motion cannot be used to "relitigate old matters, or to raise arguments . . . that could have been raised prior to the entry of judgment[.]" *J.B.F. v. Ky. Dep't of Educ.*, No. 16-6316, 2017 U.S. App. LEXIS 11778 at *2 (June 30, 2017). The case law is clear that "[a]lthough the 'manifest injustice' ground for a Rule 59(e) appears to be a catch-all provision, it is not meant to allow a disappointed litigant to attempt to persuade the

Court to change its mind." *Gencorp, Inc. v. American Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999); *see also Corso Enters. v. Shop at Home Network*, No. 3:04-0260, 2005 U.S. Dist. LEXIS 48371 (M.D. Tenn. Sept. 26, 2005). In *Corso*, the plaintiffs moved the court to reconsider dismissal of their concert of action claim. *Id.* at *11. The court denied the motion because "reargument is insufficient grounds for the granting of a motion for reconsideration." *Id.* at *13. If the plaintiffs' wish to reargue their points, they should do so before the Sixth Circuit on appeal.

Besides, the plaintiffs have not demonstrated that the Court made the wrong decision. The plaintiffs cite *Schwaninger v. Hyundai Motor Co.*, No. 15-cv-858-JPG-RJD, 2017 U.S. Dist. LEXIS 101234 (S.D. Ill. June 29, 2017) for the proposition that determining whether a complaint satisfies Rule 8(a) is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." In *Schwaninger*, the court acknowledged that some of the plaintiff's allegations that Hyundai manufactured a defective airbag were conclusory, but found the complaint sufficient because "[the plaintiff] also alleges defectiveness and negligence in a very specific [way]: the airbag in the Accent unlocked the door latch, failed to restrain [the decedent] in the vehicle, and caused her to be ejected from the vehicle during the accident." *Id.* at *18. The fact that that court found that more specific complaint sufficient does not mean that this Court must find this complaint sufficient. This Court correctly concluded in its July 26, 2017 Memorandum Opinion that the mere allegation that Deanna Burkeen's head "'contacted a protruding D-ring' does not state sufficient facts to support her claim against GM." Memorandum Opinion and Order (ECF 35), p. 7.

To establish manifest injustice, the plaintiffs would have to show that the Court did not consider specific items of evidence that were dispositive in their favor, *Lisowski v. Reinauer Transp. Co.*, No. 03-CV-5396 (NGG), 2009 U.S. Dist. LEXIS 23429 (E.D.N.Y. Mar. 20, 2009), or made clear errors, *United States v. Edwards*, No. 2:12-cv-1060, 2014 U.S. Dist. LEXIS 139404 (S.D. Ohio Oct. 1, 2014). They have shown neither.

II.   It is not a "Manifest Injustice" to Grant a Motion to Dismiss With Prejudice.

There is no rule that says courts must always grant leave to amend when granting a motion to dismiss, contrary to the plaintiffs' suggestion. Plaintiffs' block quote from *Bosch v. Bayer Healthcare*, No. 3:13-CV-00656-JHM, 2013 U.S. Dist. LEXIS 148745 (W.D. Ky. Oct. 16, 2013) seems to suggest that there is such a rule in the Sixth Circuit. But the quotation is misleading because it is out of context and inapplicable to this case.

In *Bosch*, the district court permitted the plaintiffs to amend their complaint after the defendant moved to dismiss because the plaintiffs requested leave to amend prior to the entry of judgment, the case was only recently filed, and because the plaintiffs had not previously amended their complaint or sought leave to amend. *Id.* at *7–*8. None of those facts is present here. The plaintiffs did not seek leave to amend until after entry of judgment, they have already amended once, and the case was filed over a year and a half ago.

*Bosch* was not a Sixth Circuit decision reversing a trial court's refusal to grant leave to amend. It was a trial court's exercise of discretion.

The block quote seems to suggest that the Sixth Circuit requires that all plaintiffs always deserve leave to amend whether they ask for it or not. But *Brown v. Matauszak*, 415 Fed. App'x 608, 616 (6th Cir. 2011), the case in the midst of the block quote, says no such thing. *Brown* involved a pro se inmate plaintiff who appealed the dismissal of his Section 1983 claim with prejudice. *Id.* at 608. The Sixth Circuit held that the district court should have granted leave to amend even if the inmate did not ask for it because pro se plaintiffs are held to "less stringent standards" and should be given more leeway. *Id.* at 613. Each of the sister circuit cases *Brown* cited also involved pro se inmate plaintiffs. *See e.g., Wolf v. Petrock*, 382 F. App'x 674, 677 (10th Cir. 2010); *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 252 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). *Brown* itself noted that it was announcing a new rule. "There is currently no rule of law in this circuit that requires a district court, sua sponte, to give a pro se plaintiff leave

4

to amend his complaint absent a request…." *Id.* at 616.  At least two district courts in the Sixth Circuit have found that *Brown* is limited to the pro se context.  *See, e.g., Grose v. Lew*, No. 2:16-cv-02043-SHL-cgc, 2016 U.S. Dist. LEXIS 64033 at *7 (W.D. Tenn. May 16, 2016); *Morris v. Henson*, No. 2:11-cv-138, 2012 U.S. Dist. LEXIS 131878 at *6 (W.D. Mich. Sept. 17, 2012).

Accordingly, it is still the law that a decision to dismiss with or without prejudice is within a court's discretion, and that decision is reversible only for an abuse of discretion.  *Shepherd v. Wellman*, 313 F.3d 963 at *16 (6th Cir. 2002) (citing *Sterling v. Velsicol Chem. Corp.*, 855 F.2d 1188, 1195 (6th Cir. 1988)).  It is also the law that motions for leave to amend made only after an adverse decision are not favored and frequently denied.  *See e.g., Raja v. Englewood Cmty. Hosp., Inc.*, No.: 8:12-cv-02083-JDW-AEP, 2013 U.S. Dist. LEXIS 159627 (M.D. Fla. Nov. 6, 2013); *Robinson v. Tennis*, No. 3:10cv272, 2011 U.S. Dist. LEXIS 128814 (M.D. Pa. Nov. 8, 2011); *Beaver County Ret. Bd. v. LCA-Vision Inc.*, No. 1:07-CV-750, 2009 U.S. Dist. LEXIS 103886 (S.D. Ohio Nov. 5, 2009).  In *Raja*, the plaintiff moved the court to reconsider its order dismissing its claim with prejudice "to prevent manifest injustice and based on the liberal standards for granting leave to amend," *id.* at *3, the same arguments the Burkeens make.  The court denied the motion because "the liberal standard of Rule 15 does not govern a motion for reconsideration" and because the "Plaintiffs ha[d] not demonstrated how manifest injustice would occur if the dismissal with prejudice were to stand or identified any manifest errors of law." *Id.*

Furthermore, "while Rule 15 plainly embodies a liberal amendment policy, in the post-judgment setting we must also take into consideration the competing interest of protecting the finality of judgments and the expeditious termination of litigation."  *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002).  "Thus, in the post-judgment context, we must be particularly mindful of not only potential prejudice to the non-movant, but also the movant's explanation for failing to seek leave to amend prior to the entry of judgment." *Id.*  The Burkeens offer no explanation for their failure to seek leave to amend prior to entry of judgment during the long time their complaint was under threat of GM's motion.  They brought GM LLC into the case almost a year ago.  They

5

had more than enough time to conduct their claimed "intensive review and study of the federal regulations governing the interior of the subject pickup truck." Memorandum in Support of Plaintiffs' Motion to Alter or Amend (ECF 36-1), p. 4. The Court was well within its discretion to dismiss without leave to amend.

III.     Granting Leave to Amend Would Be Futile.

Another reason to deny the motion to reconsider is that the amendment would be futile. Courts should not grant leave to amend when the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A proposed amendment is "futile" if the pleading, as amended, would fail a motion to dismiss under Rule 12(b)(6). *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010).

Granting leave to file the second amended complaint would be futile for three reasons. First, the factual allegations about the location of the D-ring are nonsensical and implausible and therefore insufficient under *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiffs allege that when Ms. Burkeen folded down the center seat back (which was between her 40% of the front seat and the passenger's 40% of the front seat), that somehow exposed the D-ring. Second Amnd. Compl. (ECF 37-2) ¶ 12. She then alleges that this exposed a protruding D-ring which was "attached to or part of the rearmost pillar of the cab." *Id.* ¶ 14. But the seat back was to her <u>right</u> and the rearmost pillar was to her <u>left</u>. There is no pillar behind the center seat back.[1] Because this new allegation is implausible, it should not be allowed.

Second, the new claim that this vehicle failed Federal Motor Vehicle Safety Standard (FMVSS) 201, *Id.* ¶ 36, is likewise implausible and unsupported by allegations of fact. Claiming that a vehicle does not meet a standard is no different than a naked allegation of negligence.

---

[1] The Court may take judicial notice of the well-known fact that pillars in vehicles are not in the middle of cabs. They are all on the sides—either the driver side or the passenger side. Fed. R. Civ. P 201; *Toth v. Grand Trunk R.R.*, 306 F.3d 335, 349 (6th Cir. 2002).

*Adkins v. Chevron Corp.*, 960 F. Supp. 2d 761, 772 (E.D. Tenn. 2012). In *Adkins*, the plaintiffs alleged injuries from radioactive and toxic substances discharged by a nuclear fuel processing facility. *Id.* at 763. They alleged that the corporation was negligent due to "'non-compliance' with various 'applicable federal, state and local laws and regulations[.]'" *Id.* at 772. Like the Burkeens, the plaintiffs offered no factual allegations for why the facility was non-compliant. *Id.* at 773. The defendants moved to dismiss the negligence claim under Rule 12(b)(6). The plaintiffs opposed the motion and sought leave to amend to cure the defects. *Id.* at 765. The court granted the dismissal and denied the motion seeking leave to amend:

> Furthermore, [the plaintiffs] totally fail to provide any factual allegations which would support their allegation of the breach of an applicable federal safety standard. Their conclusory statements, masquerading as factual allegations, are not sufficient. In addition, their proposed second amended complaint does not cure these pleading deficiencies. Even if the Court were to permit the second amended complaint, it fares no better under *Twombly* and *Iqbal*. Although plaintiffs include in their second amended complaint the 86 page chart of "non-compliance" by defendants over the last 50 years, they do not show how any of these acts of "non-compliance" have violated any of the statutes and regulations identified by plaintiffs.

*Id.* at 773.

Our case is even stronger than *Adkins* because here, it is obvious that there are no facts to support the plaintiffs' allegations that the D-ring failed FMVSS 201. The only way to determine whether a vehicle passes or fails FMVSS 201 is to run the test that the regulation requires. 49 C.F.R. 571.201(S4).[2] It is perfectly clear that the plaintiffs have not run the requisite test. Therefore, they have no facts to support their allegation that the D-ring fails FMVSS 201.

In the test, a headform is launched into parts of the vehicle interior. The headform must comply with strict specifications. *See* Ex. A, p. 21. A diagram of what the headform is below.

---

[2] The Court may take judicial notice of the regulation and of the test procedure that must be followed, which are attached as Exhibits A and B to this opposition for the Court's convenience. *See United States v. Ulmer*, No. 95-M-409-FR, 1995 U.S. Dist. LEXIS 4291 at *4 (D. Ore. Mar. 27, 1995). FMVSS 201 clearly states that compliance requires that the test be performed.



*Id.* at 23. The headform must have a "forehead impact zone" drawn to precise specifications. *Id.* at 21–22. A vertical 69 millimeter line must be drawn from the center of a threaded hole on top of the headform down toward the forehead and particular impact points are identified. *Id.* at 21. A diagram of the impact area is below.



8

Three accelerometers must be installed in the headform to measure orthogonal accelerations. *Id.* at 22. A target circle is then drawn inside the vehicle to include the areas where an occupant's head is most likely to impact:

> A-Pillar Targets, B-Pillar Targets, Other Pillar Targets, Rearmost Pillar Targets, Front Header Targets, Side Rail Targets, Rear Header Targets, Upper Roof Target, Sliding Door Track Target, Roll-Bar Targets, Stiffener Target, and Brace Target.

*Id.* at 13. The test proceeds as follows:

> The headform travels freely through the air, along a velocity vector perpendicular to the headform's skull cap plate, not less than 25 mm before making contact with the vehicle target (S8.13.2). The FMH shall travel in free flight at least 25 mm prior to impact.
>
> The forehead impact zone (some portion of) shall contact the target circle (some portion of) at the time of initial contact (S8.13.3).
>
> **NOTE:** If the forehead impact zone fails to make initial contact with any part of the target circle, the OVSC considers that an incomplete test for the purpose of evaluating that target to the requirements of FMVSS 201.

*Id.* at 24. When the headform impacts the target circle, the impact is measured by the accelerometers and calculated using a complex formula to determine how a vehicle scores on a scale known as Head Injury Criteria (HIC). *Id.* at 4. If a vehicle scores lower than one thousand on the HIC scale, it passes FMVSS 201. *Id.* If it scores higher, it fails. *Id.* 49 C.F.R. 571.201(S7).

There are two key takeaways from all this. First, the existence of FVMSS 201 is an acknowledgment that occupants' heads can and will strike the interior surfaces of vehicles, so that in and of itself cannot be a defect. Second, the only way to determine if a vehicle complies with the standard is to actually conduct the test using the procedure specified by NHTSA. The plaintiffs have not done this, so their allegation that the vehicle failed 201 is an empty conclusion—an attempt to put a scientific gloss on recycled allegations. Therefore, the amended complaint would not suffice under *Iqbal*, 556 U.S. at 678-79 and *Twombly*, 550 U.S. at 556.

The third reason is that none of these allegations qualify as "newly discovered evidence," which is one of the grounds for granting a motion for reconsideration under *Henderson*, 428 F.3d at 620. "Newly discovered evidence is evidence that was not previously available to the movant." *GenCorp, Inc.*, 178 F.3d at 834. If the evidence was available to the movant before judgment was entered but the movant merely realized it later, then it is not grounds for a motion to reconsider. *See id.*; *see also Gritton v. Disponett*, 332 Fed. Appx. 232, 239 (6th Cir. May 27, 2009). The Burkeens cannot possibly contend that the vehicle and FMVSS 201 were unavailable to them. Therefore, the new allegations are merely an attempt to reargue that which could have been said before but wasn't.

The Burkeens argue that they "should be allowed to flesh out further factual details in discovery." Memorandum in Support of Plaintiffs' Motion to Alter or Amend (ECF 36-1), p. 5. The *Adkins* court soundly rejected the very same argument: "Unfortunately for plaintiffs, however, they may not rely on discovery to identify facts from which to plausibly plead a cause of action." *Id.* (citing *Iqbal*, 556 U.S. at 664–65). This Court should do the same.

## Conclusion

For these reasons, GM LLC respectfully requests that the Court deny the Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order Entered July 26, 2017.

This 8th day of September 2017.

*/s/ Carol Dan Browning*
Carol Dan Browning
Zachary M. VanVactor
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY  40202-3352
Telephone:    (502) 587-3400
Facsimile:    (502) 587-6391
E-mail: cbrowning@stites.com
            zvanvactor@stites.com

Christopher C. Spencer (*pro hac vice*)
SPENCER SHUFORD LLP
6806 Paragon Place, Suite 200

>Richmond, VA 23230
>Telephone: (804) 285-5200
>Facsimile:  (804) 285-5210
>Email:     cspencer@spencershuford.com
>
>*Counsel for General Motors LLC*

## CERTIFICATE OF SERVICE

On this 8th day of September 2017, I certify that the foregoing was filed and served pursuant to Local Rule 5.5 on all counsel of record through the CM/ECF system as follows:

Charles E. Moore, Esq.
Dion Moorman, Esq.
MOORE, MALONE & SAFREED
104 East Fourth Street
P.O. Box 549
Owensboro, KY  42302-0459
cemoore@moorelaw.org
ddmoorman@moorelaw.org
*Counsel for Plaintiffs*

Richie W. Kemp, Esq.
KEMP & WRIGHT, PLLC
117 West Broadway
P.O. Box 454
Mayfield, KY 42066
richie@kempwright.com
*Counsel for Plaintiffs*

Edwin A. Jones, Esq.
BOEHL STOPHER & GRAVES, LLP
410 Broadway
Paducah, KY  42001
ejones@bsgpad.com
*Counsel for Defendant,*
*A.R.E. Accessories, LLC*

>*/s/ Carol Dan Browning*
>*Counsel for General Motors LLC*

1173993:1:LOUISVILLE