UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00017-GNS-LLK

DEANA BURKEEN and
TIMOTHY BURKEEN                                                                                    PLAINTIFFS

v.

A.R.E. ACCESSORIES, LLC; and
GENERAL MOTORS LLC                                                                              DEFENDANTS

### GENERAL MOTOR LLC'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

GENERAL MOTORS LLC ("GM LLC") submits this opposition to the plaintiff's motion to file second amended complaint.

### Argument

Because the Court's July 26, 2017 order (ECF 35) was a final judgment on the merits,[1] Rule 15(a)(2)'s provision that "[t]he court should freely give leave [to amend] when justice so requires" does not apply. *Stojetz v. Ishee*, No. 13-10723, 2015 U.S. Dist. LEXIS 4343 at *1 (S.D. Ohio Jan. 13, 2015); *Ealey v. Benjigates Estates, LLC*, No. 13-10723, 2014 U.S. Dist. LEXIS 133012 at *3 (E.D. Mich. Sept. 23, 2014). Under these circumstances, "the liberal standard of Rule 15 does not govern. . . ." *Raja v. Englewood Cmty. Hosp., Inc.*, No.: 8:12-cv-02083-JDW-AEP, 2013 U.S. Dist. LEXIS 159627 at *3 (M.D. Fla. Nov. 6, 2013). Instead, the plaintiffs have to meet the same standard on this motion that they must meet for their motion for reconsideration. *Id.*[2] "The only grounds for granting a motion for reconsideration are newly-discovered evidence or manifest errors of law or fact." *Smith v. Ocwen Financial*, 488 Fed. Appx. 426, 428 (11th Cir. 2012) (citing *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007)). "These issues 'rarely arise

---

[1] *See Brooks v. Raymond Dugat Co. L C*, 336 F.3d 360, 362 (5th Cir. 2003) and *Liberty Mut. Fire Ins. Co. v. Kay & Kay Contr., LLC*, 545 Fed. Appx. 488, 490 (6th Cir. 2013).
[2] The plaintiffs acknowledge this on page 2 of their memorandum (ECF 37-1).

and the motion to reconsider should be equally rare.'" *Burger King Corp. v. Ashland Equities, Inc.*, 181 F. Supp. 2d 1366, 1370 (S.D. Fla. 2002). Those grounds are not present here. *See* GM LLC's Opposition to Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order entered July 26, 2017 (ECF 39).

It is worth noting that the plaintiffs could not even meet Rule 15(a)(2)'s lenient standard because the *Hageman* factors are against them. The plaintiffs are guilty of "[u]ndue delay in filing" their motion for leave to amend. *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973). The amendment would also prejudice GM LLC (and the Court) by requiring the expenditure of more money, time and effort to deal with allegations that could and should have been made long ago. Their motion defies the principles of "finality of judgments and the expeditious termination of litigation." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th. Cir. 2002). And, as GM LLC's opposition to the motion to reconsider explains, the amendment would be futile.

The plaintiffs' allegations also evince a lack of good faith—another of the *Hageman* factors. *Hageman*, 486 F.2d 479, 484. As GM LLC's opposition to the motion to reconsider explains, the allegations are implausible and without any factual basis. That, coupled with the long delay in seeking leave to amend, is evidence of bad faith. *Town of New Windsor*, 919 F. Supp. 662, 676 (S.D.N.Y. 1996).

<u>Conclusion</u>

Because the plaintiffs cannot meet the requirements for a post-judgment leave to amend, or even the pre-judgment requirements, GM LLC respectfully requests that the Court deny the Plaintiffs' Motion for Leave to File a Second Amended Complaint.

This 8th day of September 2017.

*/s/ Carol Dan Browning*
Carol Dan Browning
Zachary M. VanVactor
STITES & HARBISON PLLC
400 West Market Street
Suite 1800
Louisville, KY 40202-3352

2

Telephone: (502) 587-3400
Facsimile: (502) 587-6391
E-mail: cbrowning@stites.com
zvanvactor@stites.com

Christopher C. Spencer (pro hac vice)
SPENCER SHUFORD LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
Telephone: (804) 285-5200
Facsimile: (804) 285-5210
Email: cspencer@spencershuford.com

*Counsel for General Motors LLC*

### CERTIFICATE OF SERVICE

On this 8th day of September 2017, I certify that the foregoing was filed and served pursuant to Local Rule 5.5 on all counsel of record through the CM/ECF system as follows:

| | |
|---|---|
| Charles E. Moore, Esq.<br>Dion Moorman, Esq.<br>MOORE, MALONE & SAFREED<br>104 East Fourth Street<br>P.O. Box 549<br>Owensboro, KY  42302-0459<br>cemoore@moorelaw.org<br>ddmoorman@moorelaw.org<br>*Counsel for Plaintiffs* | Richie W. Kemp, Esq.<br>KEMP & WRIGHT, PLLC<br>117 West Broadway<br>P.O. Box 454<br>Mayfield, KY 42066<br>richie@kempwright.com<br>*Counsel for Plaintiffs* |
| Edwin A. Jones, Esq.<br>BOEHL STOPHER & GRAVES, LLP<br>410 Broadway<br>Paducah, KY  42001<br>ejones@bsgpad.com<br>*Counsel for Defendant,*<br>*A.R.E. Accessories, LLC* | |

*/s/ Carol Dan Browning*
*Counsel for General Motors LLC*

1173989:1:LOUISVILLE

3