UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| DEANA BURKEEN and TIMOTHY BURKEEN, | PLAINTIFFS |
| v. | NO. 5:16-cv-00017-GNS |
| A.R.E. ACCESSORIES, LLC and GENERAL MOTORS, LLC | DEFENDANTS |

**PLAINTIFFS' REPLY TO GENERAL MOTORS, LLC.'S RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S MEMORANDUM OPINION AND ORDER ENTERED ON JULY 26, 2017**

\*\* \*\* \*\* \*\* \*\*

Plaintiffs, Deana Burkeen and Timothy Burkeen, ("Plaintiffs"), by counsel, submit the following as a reply to the response of General Motors, LLC's, ("GM"), to *Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order Entered on July 26, 2017* [DN 36].

The Sixth Circuit case law allows plaintiffs to cure deficiencies in their claims by filing amended complaints. *Bosch v. Bayer Healthcare Pharmaceuticals*, No. 3:13-CV-00656-JHM, 2013 WL 565611 (W.D.Ky. Oct. 16, 2013) ("*Bosch I*")  Defendant presents no law contrary to this case.

Courts in the Sixth Circuit allow amended complaints to be filed to cure defective pleadings after a final judgment; including after motions for dismissal are granted. *Morse v. McWhorter et al*, 290 F.3d 795 (6th Cir. 2002)

Defendant cannot rebut the manifest injustice plaintiffs will sustain if not allowed to file their second amended complaint, so defendant attempts to shift the Court's

attention to cases dissimilar from the present case. In the cases defendant rely upon, either the proposed amended pleadings contain no specific factual allegations and/or the amended complaints were made in bad faith or after unjust delay. None of those factors are present here. The Burkeens second amended complaint cures any alleged deficiencies of the complaint and first amended complaint.

Manifest injustice will occur if the July 26, 2017 Order language is not amended from "with prejudice" to "without prejudice" in order to allow plaintiffs to file a second amended complaint.

**1.  The Principles Espoused By The Sixth Circuit Court of Appeals in *Morse v. McWhorter* Necessitate Altering the Judgment to Allow Plaintiffs to File Their Second Amended Complaint.**

Defendant cites to the *McWhorter* case in its response to Plaintiffs' motion for the proposition that Court's should consider the finality of judgment when considering whether or not to alter a judgment to allow for an amended complaint. [DN 39, pg. 5] However, the Sixth Circuit Court of Appeals in *McWhorter* vacated a district court's decision prohibiting a plaintiff from filing a second amended complaint after a dismissal had been entered. *Id*. 797 Although the plaintiff sought to amend the complaint after the Court dismissed the case, The Sixth Circuit Court of Appeals found that plaintiff could amend the complaint and that defendant would not be "significantly prejudiced" by allowing the amendment. *Id.* 799

In *McWhorter*, a class of stockholders in a healthcare corporation sued the corporation under the securities exchange act in April of 1997. Plaintiffs amended their complaint in November of 1997 to include claims of fraud against the corporation. Defendants moved to dismiss the claims, and eventually the Court dismissed the complaint and amended complaint in June of 2000.

The Court found that both complaints did not state claims upon which relief could be granted. After the dismissal, plaintiffs moved to alter or amend the judgment of dismissal and contemporaneously filed their motion to file plaintiffs' second amended complaint which included more specific factual allegations. The district court found the delay of filing prevented the granting of the second motion to amend, and denied both motions. This decision was vacated by the appellate court. In vacating the district court's decision, the Sixth Circuit found that "ordinarily delay alone does not justify denial of leave to amend." *Id.* pg. 800

The Sixth Circuit also placed emphasis on the fact that the second amended complaint appeared to contain more merit than the other complaints. *Id.* pgs. 800-801 Specifically, to protect the concerns regarding finality of judgments the Court weighed both the prejudice to the non-moving party, and also the explanation for plaintiffs' failure to seek amendment of the complaint before the entry of judgment.

After weighing the considerations, the appellate court remanded the case with direction to the plaintiffs to file their second amended complaint.

Similarly, here, the potential prejudice which could be encountered by GM is not significant. No discovery has been conducted so there are no concerns of duplicative discovery. Also, the defense strategy of the case will not change, as the Burkeens second amended complaint merely cures the alleged deficiencies in the complaint and first amended complaint. GM has notice of the subject matter of this lawsuit.

Plaintiffs counsel's explanation for moving to file the second amended complaint after the final judgment is reasonable and comports with *McWhorter*. GM filed a motion to dismiss shortly after being served with summons in this case and the case was held in abeyance a few months after the motion was filed. [DN 34] Therefore, plaintiffs have

had no opportunity to conduct discovery of GM, including but not limited to obtaining the technical drawings of the vehicle, design documents relating to the vehicle, testing done on the vehicle, and recalls on the vehicle.

Plaintiffs' counsel consulted with experts and reviewed the Federal Motor Vehicle regulations, but without the specific documents from GM it took more time to develop the specific facts relating to the D-ring defect in the GM truck. There is no bad faith or unjust delay in the filing of the second amended complaint, but it just took time for plaintiffs to more fully develop the case.

If the judgment is not altered to allow the Burkeens to file their second amended complaint, plaintiffs will suffer manifest injustice. Mrs. Burkeen has significant injuries and should be able to pursue the party responsible for those injuries.

In addition to the *McWhorter* case, the prior case of *Bosch v. Bayer Healthcare Pharmaceuticals*, No. 3:13-CV-00656-JHM, 2013 WL 565611 (W.D.Ky. Oct. 16, 2013) ("*Bosch I*") supports this Court altering its judgment to allow the Burkeens to file their second amended complaint. This case was discussed extensively in Plaintiffs Motion to Alter or Amend [DN 36-01, pgs. 6-7].

It is misleading for defendant to claim in its response that the law disfavors allowing amended complaints after final judgments. [DN 39, pg. 5] The *McWhorter* case clearly sets out the law in that regard.

The cases cited by defendant in support of this proposition can distinguished.

Defendant cites to *Raja v. Englewood Cmty. Hosp., Inc.*, No.: 8:12-cv-02083-JDW-AEP, 2013 U.S. Dist. LEXIS 159627 (M.D. Fla. Nov. 6,2013). In *Raja*, the court does not find directly that amended complaints after judgment are disfavored. Rather, the court found that <u>only</u> when "no set of facts" could ever rise to the level to make the

-4-

claim valid will the judgment be dismissed "with prejudice".  In fact, some of the claims in *Raja* were dismissed in the case "without prejudice" actually leaving the door open for plaintiff to file an amended complaint if necessary.  *Id.* pgs. 6-8

Similarly, the case of *Beaver County Ret. Bd. v. LCA-Vision Inc.*, No. 1:07-CV-750, 2009 U.S. Dist. LEXIS103886 (S.D. Ohio Nov. 5, 2009) cited by defendant deals with a highly specialized Private Securities Litigation Reform Act (PSLRA), which can be distinguished.  The Court finds that the PSLRA statute does not allow amended complaints in certain circumstances.  However, the Court explained as follows:

> Generally, a court gives a plaintiff leave to amend the complaint when a motion to dismiss is granted. See Fed.R.Civ.P. 15(a) (2) ("The court should freely give leave [to amend] when justice so requires.") However, in cases involving the PSLRA, leave to amend is not as readily granted.... *Id.* pgs. 26-27

Also, defendants refer the Court to *Robinson v. Tennis*, No. 3:10cv272, 2011 U.S. Dist. LEXIS 128814 (M.D. Pa. Nov. 8, 2011).  The case involved a prisoner pro se petition to amend a complaint.  It is distinguished, because the Court had ordered that any amendments to the pleadings be made within a certain amount of days of the initial Magistrate's order recommending dismissal of the case, and the prisoner failed to do so.  *Id*. pgs. 1-2.

Defendant cites to no law which would contravene either the *Bosch* or *McWhorter* holdings.

**2.  Plaintiffs' Second Amended Complaint States an Actionable Claim Against GM.**

Defendant contends that even if the Court finds that the July 2017 Order should be altered to allow the filing of the amended complaint, that plaintiffs' second amended complaint still fails because of futility.  This is inaccurate.

Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235–236 (3d ed.2004) For reasons set forth in plaintiffs' prior motion to alter or amend [DN 36], plaintiffs' prior motion for leave to file second amended complaint [DN 37] , and as outlined below, plaintiffs second amended complaint contains specific factual allegations which state a claim with merit.

The use of futility as a grounds to deny a claim is only applicable if the claim is completely devoid, on its face, of any merit.  Specifically, the case of *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010), cited by defendant, holds that a "proposed amendment is futile if the amendment could not withstand a rule 12(b) motion to dismiss." *Id*. pgs. 26-27   Further, *Adkins v. Chevron Corp.*, 960 F. Supp. 2d 761, 772 (E.D. Tenn. 2012), also cited by defendant, requires that a Court take allegations in the complaint as true and that the allegations meet these requisites:

> 1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'a formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'
>  *Id*. pgs. 764-765

Both the *Riverview* and *Adkins* cases are distinguished from our present case, because in both cases the courts specifically found that the potential amended complaints were completely devoid of facts which would state claims under ERISA (*Riverview*) and the Price Anderson Act (*Adkins*).  Further, the Court in *Adkins* found that the proposed amended complaint did not differ from the prior complaint which had been filed. *Id*. pg. 774

The Burkeens' second amended complaint contains much more specific factual allegations than the prior two complaints.  The Sixth Circuit's explanation in

*McWhorter* allowing a second amended complaint after an order dismissing is illustrative:

> While there is some support for the proposition that we may sustain denial of leave to amend on any ground apparent in the record, including the inability of an amended complaint to withstand a motion to dismiss, we believe the more prudent course of action in this particular case is a remand. The second amended complaint does not appear facially meritless such that the district court's consideration of whether it states an actionable claim would be an empty exercise... [citations omitted] *McWhorter* pg. 801

The United State Supreme Court, in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007), clearly set out that a complaint survives a motion to dismiss if the facts are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true even if doubtful in fact." *Id*. pg. 555-556

In the present case, the Burkeens second amended complaint includes, but is certainly not limited to these specific factual allegations which set out their claim for relief against GM as follows:

> 36. GM and/or Old GM's negligence in the design, assembly, and/or manufacture of the subject pickup truck includes, but is not limited to:
>
> a. the failure to design, assemble, and/or manufacture the subject pickup truck in conformance with FMVSS 201;
>
> b. the failure to test the subject pickup truck in conformance with the FMVSS 201;
>
> c. the failure to cover the D-ring of the center seat belt anchorage located on and protruding from the rearmost pillar of the subject pickup truck with energy-absorbing material required under FMVSS 201 to prevent the type of and seriousness of a skull fracture and associated permanent brain damage caused by striking the D-ring, such as Deana suffered, in the event of forces exerted in a wreck, such as the wreck Deana had on January 15, 2015. [DN 37-02]

Federal Motor Vehicle Safety Standards (FMVSS) require that certain areas of vehicles manufactured in the United States use energy absorbent material to cover dangerous areas of the interior.  (Exhibit A, FMVSS 201)  The photograph below illustrates the failure of GM to cover this metal area which left the blunt metal object exposed to come into contact with Deana Burkeen's head.



The purpose of FMVSS 201 regulations is to protect occupants from impact with the interior, including head injuries.  (Exhibit A, FMVSS 201)  Deana Burkeen was in the class of persons intended to be protected by this statute and her brain injuries are the specific harms sought to be avoided.

In addition to the regulatory violations, plaintiffs second amended complaint also includes allegations regarding the alternative design of the dangerous metal D-ring which could have been used to prevent Deana's head injuries. [DN 37-02]

-8-

If the Court finds that justice requires that the July 2017 Order be altered to allow for plaintiffs to file their second amended complaint, the content set out in the second amended complaint [DN 37-02] states factual allegations which raise a right to relief above the speculative level, and such factual allegations are sufficient to survive a 12(b) motion to dismiss pursuant to *Twombly*.

## Conclusion

As stated in Plaintiffs' supporting memorandum, plaintiffs should be able to cure the alleged deficiencies in their initial pleadings. Inherent justice, fairness, and legal authority from the Sixth Circuit necessitate the altering the original judgment of this Court to allow plaintiffs to file their second amended complaint in order to prevent manifest injustice. Plaintiffs' second amended complaint states an actionable claim.

Therefore, plaintiffs request the Court to grant plaintiffs' motion to alter or amend the Court's July 26, 2017 either in its entirety or in the alternative, partially, to modify the dismissal to "without prejudice" in order to allow the filing of plaintiffs' second amended complaint.

RESPECTFULLY SUBMITTED

Richie Kemp
Kemp & Wright, PLLC
117 W. Broadway
Mayfield, Ky 42066

and

        Moore Malone & Safreed
        104 E. 4th St.
        P.O. Box 549
        Owensboro, Ky 42301

        By:  s/ Charles E. Moore
        Charles E. Moore
        Dion Moorman
        Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

    I hereby certify that on September 22, 2017, I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO ALTER OR AMEND THE COURT'S MEMORANDUM OPINION AND ORDER DATED JULY 26, 2017 and attached EXHIBITS with the Clerk of the U. S. District Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

| | |
|---|---|
| Edwin A. Jones, Esquire<br>BOEHL STOPHER & GRAVES, LLP<br>410 Broadway<br>Paducah, Kentucky   42001<br>ejones@bsgpad.com<br>*Attorney for Defendant, A.R.E. Accessories, LLC* | Carol Dan Browning, Esquire<br>STITES & HARBISON PLLC<br>400 West Market Street, Suite 1800<br>Louisville, Kentucky   40202<br>cbrowning@stites.com<br>*Attorney for Defendant, General Motors, LLC* |

Christopher C. Spencer
SPENCER SHUFORD LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
cspencer@spencershuford.com
*Attorney for Defendant, General Motors, LLC*

        /s/ Charles E. Moore
        Charles E. Moore
        D. Dion Moorman
        *Attorneys for Plaintiffs*