UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

DEANA BURKEEN and                                                          PLAINTIFFS
TIMOTHY BURKEEN,

v.                                                                NO. 5:16-cv-00017-GNS

A.R.E. ACCESSORIES, LLC

and

GENERAL MOTORS, LLC                                                        DEFENDANTS

### PLAINTIFFS' REPLY TO GENERAL MOTORS, LLC.'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

**       **       **       **       **

Plaintiffs, Deana Burkeen and Timothy Burkeen, ("Plaintiffs"), by counsel, submit the following as a reply to the response of General Motors, LLC's, ("GM"), to *Plaintiffs' Motion For Leave to File Second Amended Complaint* [DN 37].

Courts in the Sixth Circuit allow amended complaints to be filed to cure defective pleadings after a final judgment; including those filed after an order of dismissal. *Morse v. McWhorter et al*, 290 F.3d 795 (6th Cir. 2002)

The facts of the Burkeen motion for leave to file second amended complaint fit within the parameters outlined by the Sixth Circuit Court of Appeals in the *McWhorter* case. Plaintiffs refer the Court to its *Reply to Defendant's Response to Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order* [DN 41] for the full recitation and facts and law regarding the factors supporting both the Court granting the motion to alter the July 26, 2017 Order to be stated "without prejudice", and the motion allow the filing of this second amended complaint.

Defendant contends that the *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir.1973) case supports denial of leave to amend in this case.  Defendant's utilization of the case is misapplied to the facts of our case.  The *Hageman* Court did not involve an amended complaint filed to cure alleged deficiencies after a motion to dismiss.

Although the *Hagemen* Court mentioned evaluating bad faith and delay when considering an amended complaint, the Court specifically found that "delay by itself is not sufficient to deny a motion to amend."  Rather, the key elements in evaluating whether or not to allow leave to amend a complaint is 1) notice to the other party and 2) prejudice against the non-moving party.  *Id.* pgs. 484-485 Plaintiffs in *Hageman* were allowed to amend their complaint.

The Burkeens initial amended complaint provided adequate notice to GM of these claims, and the fact that the Court held discovery in abeyance mitigates any prejudice GM might suffer as there will be no duplicative discovery.  No significant prejudice in this case has been shown by GM to exist if the leave is granted for plaintiffs to file their second amended complaint.

For reasons set forth in *Plaintiffs' Reply to Defendant's Response to Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order* [DN 41] manifest injustice will occur if the Court does not allow leave for plaintiffs to file their second amended complaint, and plaintiffs second amended complaint sets forth an actionable claim under the requisites of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007).

RESPECTFULLY SUBMITTED

Richie Kemp
Kemp & Wright, PLLC
117 W. Broadway
Mayfield, Ky 42066

&

Moore Malone & Safreed
104 E. 4th St.
P.O. Box 549
Owensboro, Ky 42301

By:

s/ Charles E. Moore
Charles E. Moore
Dion Moorman
Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on September 22, 2017, I electronically filed the foregoing PLAINTIFFS' REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT with the Clerk of the U. S. District Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Edwin A. Jones, Esquire
BOEHL STOPHER & GRAVES, LLP
410 Broadway
Paducah, Kentucky   42001
ejones@bsgpad.com
*Attorney for Defendant, A.R.E. Accessories, LLC*

Carol Dan Browning, Esquire
STITES & HARBISON PLLC
400 West Market Street, Suite 1800
Louisville, Kentucky   40202
cbrowning@stites.com
*Attorney for Defendant, General Motors, LLC*

&
Christopher C. Spencer
Spencer Shuford LLP
6806 Paragon Place, Suite 200
Richmond, VA 23230
cspencer@spencershuford.com
Attorney for Defendant, General Motors, LLC

/s/ Charles E. Moore
Charles E. Moore
D. Dion Moorman
*Attorneys for Plaintiffs*

-5-