UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:16-CV-00017-GNS-LLK

DEANA BURKEEN and
TIMOTHY BURKEEN                                             PLAINTIFFS

v.

A.R.E. ACCESSORIES, LLC; and
GENERAL MOTORS, LLC                                         DEFENDANTS

## MEMORANDUM OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order (DN 36) and Plaintiffs' Motion for Leave to File a Second Amended Complaint (DN 37). For the reasons set forth below, both motions are **DENIED**.

### I. BACKGROUND

The pending motions arise in the context of a personal injury suit initiated by Plaintiffs Deana Burkeen ("Deana") and Timothy Burkeen ("Timothy") against Defendant General Motors, LLC ("GM"). According to Plaintiffs, Deana lost control of Timothy's GMC pickup truck and collided with an oncoming vehicle, causing her to hit her head on a "D-ring" protruding from the cab of the truck. (Am. Compl. ¶ 11, DN 18). Thereafter, Deana filed an Amended Complaint, seeking relief against GM on claims for negligence and strict products liability.[1] (Am. Compl. ¶¶ 22-32). On July 26, 2017, this Court issued a Memorandum Opinion and Order (DN 35) ("the Order") dismissing all counts against GM with prejudice on the ground that those counts failed stated a claim for relief. (Mem. Op. & Order. 6-10).

---

[1] The Amended Complaint also contains, *inter alia*, claims against A.R.E. Accessories, LLC ("A.R.E.") for negligence and strict products liability. (*See* Am. Compl. ¶¶ 12-21, 33-34).

1

Presently, three issues are pending before this Court. The first two issues—both of which are presented in motions filed by Plaintiffs—are whether the Court should: (1) vacate, alter, or amend the Order to prevent manifest injustice pursuant to Fed. R. Civ. P. 59(e); and (2) grant Plaintiffs leave to amend their Amended Complaint. (Mem. Supp. Pls.' Mot. Alter Mem. Order & Op. 2-9, DN 36-1 [hereinafter Pls.' Mem. Alter]; Mem. Supp. Pls.' Mot. Leave File Second Am. Compl. 2-5, DN 37-1 [hereinafter Pls.' Mem. Leave). The third issue is whether the Court should certify the Order as a final and appealable pursuant to Fed. R. Civ. P. 54(b).

## II. JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as there is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

## III. DISCUSSION

### A. Plaintiffs' Motions

The Sixth Circuit and sister courts have explained that, "*after* [the court has entered] a judgment against the plaintiff," the plaintiff must satisfy the "requirements for reopening a case established by Rule[] 59" *before* the court has the power to grant the plaintiff leave to amend her complaint. *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615-16 (6th Cir. 2010). (emphasis in original) (citations omitted); *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir. 2002) ("Following entry of final judgment, a party may not seek to amend their complaint without first moving to alter, set aside or vacate . . . ." (citation omitted)); *MAKS Inc. Gen. Trading & Contracting Co. v. Sterling Operations, Inc.*, No. 3:10-CV-443, 2013 WL 4053162, at *4, 13 (E.D. Tenn. Aug. 12, 2013) (courts do not have power to grant the plaintiff leave to amend unless court finds the plaintiff is entitled to relief under Rule 59(e)). Thus, the Court must examine Plaintiffs' Rule 59(e) motion before reviewing their request for leave to amend.

1. *Relief Rule 59(e)*

To obtain relief pursuant to Rule 59(e), the moving party must demonstrate that a final judgment should be altered or amended due to: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citation omitted). Motions brought under Rule 59(e) seek "an extraordinary remedy and should be granted sparingly because of the interest in finality and conservation of scarce judicial resources." *Vanguard Transp. Sys., Inc. v. Volvo Trucks N. Am., Inc.*, No. 2:04CV889, 2006 WL 3097189, at *2 (S.D. Ohio Oct. 30, 2006) (internal quotation marks omitted) (citation omitted). Plaintiffs maintain that the Court must vacate or amend the Order to prevent a manifest injustice because: (1) the Amended Complaint contains facts sufficient to state claims against GM, and (2) dismissing a complaint with prejudice is improper. (Pls.' Mem. Alter 3-9). Having considered these arguments, the Court finds that neither reason is persuasive.

Plaintiffs' first argument—relief from the Order is warranted because the Amended Complaint sufficiently pled claims against GM—is meritless. Plaintiffs have already raised this argument, and Rule 59(e) is not a vehicle for recycling old arguments. *See U.S. ex rel. Am. Textile Mfrs. Inst., Inc. v. The Ltd., Inc.*, 179 F.R.D. 541, 547 n.9 (S.D. Ohio 1998) ("If the movant simply regurgitates arguments previously presented or presents arguments which originally could have been argued, then the movant's proper recourse is an appeal to the circuit court." (citation omitted)); *In re Betts*, 157 B.R. 631, 634 (Bankr. N.D. Ill. 1993) (disagreement about the court's findings does not constitute a manifest injustice).

Plaintiffs' second argument—the Court erred when it dismissed Plaintiffs' claims against GM with prejudice rather than granting Plaintiffs leave to amend their Amended Complaint *sua*

*sponte*, and because of this error the Court must now amend the order such that it dismisses Plaintiffs' claims against GM *without* prejudice—is equally unpersuasive. (Pls.' Mem. Alter 5-9). Contrary to Plaintiffs contentions, the Sixth Circuit has never held that district courts *must* grant leave to amend *sua sponte* when justice so requires. (Pls.' Mem. Alter 5-9). In fact, the Sixth Circuit recently explained:

> There is currently no rule of law in this circuit that requires a district court, *sua sponte,* to give a . . . plaintiff leave to amend his complaint absent a request . . . and so generally, a district court does not abuse its discretion in failing to grant a party leave to amend where such leave is not sought.

*Brown*, 415 F. App'x at 615-16 (internal citation omitted) (citation omitted). As such, the Court's decision to dismiss Plaintiffs' claims against GM with prejudice rather than permitting them to amend their Amended Complaint *sua sponte* was not fundamentally flawed, and, therefore, the decision did not cause Plaintiffs to suffer a manifest injustice. *See In re Bunting Bearings Corp.*, 321 B.R. 420, 423 (Bankr. N.D. Ohio 2004) ("a showing of manifest injustice requires that there exist a fundamental flaw in the court's decision"). Thus, Plaintiffs have failed to demonstrate that the Court must alter or amend the Order to prevent a manifest injustice.

### 2. *Leave to Amend*

Given that Plaintiffs are not entitled to relief under Rule 59(e), the Court lacks the power to grant them leave to amend their Amended Complaint. *See MAKS Inc.*, No. 3:10-CV-443, 2013 WL 4053162, at *13 ("[u]nless postjudgment relief is granted, the district court lacks power to grant a motion to amend the complaint under Rule 15(a) [of the Federal Rules of Civil Procedure]." (internal quotations and citation omitted)). For this reason, Plaintiffs' motion to amend is denied.[2]

---

[2] If the Court *could* review Plaintiffs' request for leave to amend, it would begin by noting that, contrary to Plaintiffs' assertions, Rule 15's modest standard—which directs courts to grant

4

## B. Certification of the Order Under Rule 54(b)

The final issue is whether the Court should certify the Order as final and appealable pursuant to Fed. R. Civ. P. 54(b). Rule 54(b) "permits courts dealing with . . . multiple parties to direct the entry of a final judgment as to fewer than all of the . . . parties." *Teamsters Local Union No. 89 v. Kroger Co.*, No. 3:07-CV-351-TBR, 2009 WL 2487362, at *1 (W.D. Ky. Aug. 14, 2009) (citation omitted). The Sixth Circuit has held that a district court may certify a judgment so long as the court: (1) "direct[s] the entry of final judgment as to one or more but fewer than all the . . . parties," and (2) "expressly determines that there is no just reason for" delaying appellate review. *See* Fed. R. Civ. P. 54(b); *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1026 (6th Cir. 1994) (citations omitted).

In addition, the Sixth Circuit has identified the following factors to aid in the determination whether there is no just reason for delaying appellate review of a final judgment:

> (1) [T]he relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

*Gen. Acquisition*, 23 F.3d at 1030 (citation omitted). Though no one factor is dispositive, this Court has noted that the "Sixth Circuit seems to place the greatest weight on the first factor . . . ."

---

litigants leave to amend their complaints "when justice so requires"—is inapplicable in this case. Instead, because the Court has entered a Scheduling Order (DN 8) in this matter, Plaintiffs would have to satisfy Rule 16(b)'s "good cause" standard "before [the] court [would] consider whether amended is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003) (citation omitted). Having concluded that relief is not warranted under Rule 59(e), however, the Court will not further address Plaintiffs' request for leave to amend.

*Reed v. Gulf Coast Enter.*, No. 3:15-CV-00295-JHM, 2016 WL 3963187, at *9 (W.D. Ky. July 21, 2016) (collecting cases).

Both steps of the certification analysis are satisfied in this instance. Step one of the analysis is met because the Order constitutes a final judgment as to GM, but not as to A.R.E.—the named defendant in this action. (*See* Memo. Op. & Order 1-9). Step two of the analysis is fulfilled because the *Gen. Acquisition* factors militate toward a finding that there is no just reason for delaying appellate review of the Order. Though Plaintiffs' claims against GM (adjudicated) and A.R.E. (unadjudicated) arise from the same event, the claims are quite dissimilar given that GM's liability is premised on its positioning of the D-ring while A.R.E.'s exposure is based on its design of a truck-bed cover. (*Compare* Am. Compl. ¶¶ 12-21, *with* ¶¶ 22-32). Moreover, the litigation does not present a scenario in which a reviewing court may have to review the same issue twice—again, the issues arising from Plaintiffs' claims against GM are distinct from the issues regarding their claims against A.R.E. Further, this case does not involve counterclaims that might "result in set-off against the judgment sought to be made final." *See Gen. Acquisition*, 23 F.3d at 1030. Thus, the Court will certify the Order as final and appealable.

## IV.    CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Alter or Amend the Court's Memorandum Opinion and Order (DN 36) and Plaintiffs' Motion for Leave to File a Second Amended Complaint (DN 37) are **DENIED**. **FURTHER, IT IS HEREBY ORDERED** that the Memorandum Opinion and Order (DN 35) is certified as a final and appealable order.

November 3, 2017

**Greg N. Stivers, Judge**
**United States District Court**

cc:    counsel of record