UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:16-CV-17-TBR

DEANA BURKEEN, *et al*                                                                   PLAINTIFF

v.

A.R.E. ACCESSORIES, LLC,
GENERALL MOTORS, LLC                                            DEFENDANTS

**MEMORANDUM OPINION & ORDER**

This matter come before the Court upon Motion by the Plaintiffs, Deana Burkeen and Timothy Burkeen, to Dismiss First Amended Complaint Without Prejudice and to Grant Leave to File Second Amended Complaint (R. 67). Defendant, General Motors LLC ("GM"), has responded, (R. 71), and the Burkeens have replied. (R. 72). Fully briefed, this matter is ripe for adjudication and, for the following reasons, **IT IS HEREBY ORDERED** that Plaintiffs' Motion is **GRANTED.**

**BACKGROUND**

On January 12, 2015, while driving in Graves County, Kentucky, Deana Burkeen lost control of Timothy Burkeen's GMC pickup truck and collided with an oncoming car. During the collision the truck-bed-cover, which was manufactured by A.R.E Accessories, LLC ("A.R.E."), came through the rear window of the truck and into the cab, allegedly injuring Ms. Burkeen. On January 7, 2016, the Burkeens sued A.R.E. for negligence, strict products liability, and loss of consortium for injuries sustained by Deana Burkeen. A.R.E. removed the case to federal court.

After removal, Judge Stivers set a December 1, 2016 deadline by which the Burkeens were to have added any additional parties and filed any amended pleadings. The Burkeens amended

1

their Complaint on October 19, 2016 to add GM as a party-defendant, alleging that Ms. Burkeen's head struck a protruding "D-Ring" inside the cab of the GMC pickup, causing her serious injury. The Burkeens brought negligence, strict liability, and loss of consortium claims against GM for the injuries caused by the protruding component. GM then filed a 12(b)(6) Motion to Dismiss on November 15, 2016—two weeks prior to the amended pleadings deadline. GM also indicated that it would have no objection to dismissal being granted with leave to amend. (R. 26). On July 26, 2017, holding that Plaintiffs' Amended Complaint did not state sufficient facts to state a claim for relief, Judge Stivers granted GM's Motion and dismissed the Burkeens' claims against GM with prejudice. Judge Stivers gave no reason for dismissing the Brukeens' claims against GM with prejudice. On August 18, 2017, in response to Judge Stivers Opinion, the Burkeens filed a Rule 59(e) Motion to Alter Judgment, as well as a Motion for Leave to File a Second Amended Complaint. Judge Stivers denied both motions.

On December 1, 2017, the Burkeens appealed, challenging the merits of the dismissal and arguing that Judge Stivers abused his discretion in dismissing their claims with prejudice, instead of granting them leave to amend their Complaint. Agreeing with Judge Stivers that the Complaint lacked sufficient factual allegations upon which the Burkeens could recover, the Sixth Circuit affirmed Judge Stivers's dismissal on the merits. However, when confronted with Judge Stivers's lack of reasoning in dismissing the Burkeens's claims with prejudice, the appellate pointed out:

> The district court in this case did not provide any explanation for dismissing the complaint with prejudice, as opposed to without prejudice. Instead, the district court foreclosed any future possibility of amendment without indicating any reason to believe that amendment would have been futile and without providing any other justifications for granting dismissal with prejudice. When the district court granted the motion to dismiss, it did not cite any

2

undue delay, bad faith . . . repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . [or] futility of amendment.

(R. 62) (citations omitted). Consequently, the Sixth Circuit vacated Judge Stiver's ruling dismissing the Burkeens' Complaint with prejudice and remanded the case to this Court to "reconsider whether dismissal should have been without prejudice and whether Plaintiff's should be permitted to amend their Complaint." In so doing the appellate court noted that "dismissal with prejudice in this case goes against the well-established preference for allowing claims to be decided on their merits where possible."

In light of the Sixth Circuit's ruling, the Burkeens now move the Court for leave to file a Second Amended Complaint and declare the dismissal to be without prejudice. GM opposes the Burkeens' motion, arguing that Judge Stivers properly dismissed the Burkeens' Complaint with prejudice, and that their current proposed amendment is futile.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." The rule directs that the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule gives effect to the principle that, as far as possible, cases should be determined on their merits and not on technicalities. *Cooper v. Am. Employers' Ins. Co.*, 296 F.2d 303, 306 (6th Cir. 1961). Denial of leave to amend may be appropriate "where there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility

of the amendment, etc." *Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003) (citations and quotation omitted).

**DISCUSSION**

The Burkeens' Motion presents the Court with only one issue: Should Judge Stivers's dismissal with prejudice stand, or should the Burkeens be permitted to amend their Complaint? For a host of reasons, GM argues that Judge Stivers's dismissal with prejudice should stand and the Burkeens should not be granted leave to amend. First, relying on *Ash v. Anderson Merchandisers*, LLC, 799 F.3d 957 (8th Cir. 2015) and *Begala v. PNC Bank, Ohio, Nat. Ass'n*, 214 F.3d 776 (6th Cir. 2000), GM argues that Judge Stivers's "July 26, 2017 Order should remain in full force" because the Burkeens delayed seeking leave to amend their Complaint, and GM would be prejudiced if they were permitted to do so now. (R. 71). Next, GM argues that the Burkeens' proposed Second Amended Complaint adds new substantive claims, which would prejudice GM. GM also argues that the Burkeens' Motion should be denied because the Burkeens have "not offered a good cause explanation for their failure to seek amendment prior to the entry of judgment." (R. 71). Finally, GM argues that the Burkeens' proposed Second Amended Complaint should be denied as futile. None of GM's arguments persuade the Court.

First, any delay pending the Sixth Circuit's ruling cannot be accurately attributed to the Burkeens. Such delay is a natural and inevitable part of litigation. To hold it against the Burkeens would be improper. Sixth Circuit precedent is clear that "[o]rdinarily, delay alone, does not justify denial of leave to amend." *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002). Therefore, any such delay, while potentially relevant to the prejudice suffered by GM, cannot be included in any calculation of undue delay attributable to the Burkeens. The only time relevant to

4

deciding whether the Burkeens caused undue delay is the roughly nine months between GM's 12(b)(6) motion, and the Burkeens' post-judgment motion for leave to amended. With this is in mind, the Court turns to GM's reliance on *Ash* and *Begala*.

GM's reliance on *Ash* and *Begala* is misguided. In *Ash*, after having their FLSA action dismissed pursuant to Rule 12(b)(6), the plaintiffs moved to vacate the district court's ruling and requested leave to file an amended complaint. *Ash*, 799 F.3d at 960. The district court denied the plaintiff's motions. *Id.* The Eight Circuit affirmed the district court's denial. *Id.* at 964.

While the circumstances here are undoubtedly similar to the those in *Ash*, the Court is unpersuaded that it must come to the same conclusion as was reached in *Ash*. First, *Ash* comes out of the Eighth Circuit—not the Sixth. As such, while *Ash* might be persuasive, it is not controlling. Furthermore, the Eighth Circuit's opinion in *Ash* is no ringing endorsement of the district court's decision to deny the plaintiffs' leave to amend their complaint. Instead, it stands as a reaffirmation of the trial court's broad discretion in deciding whether to grant leave to amend. In deciding *Ash*, the Eight Circuit noted that "[t]here can be little doubt that it would have been within the district court's discretion to grant Ash and Jewsome's request for leave to amend, just as it was within the court's discretion to deny that request." *Id.* at 957. The *Ash* Court was also careful to include that "defending a Rule 12(b)(6) motion (presumably instead of requesting leave to amend) is not a per se ground for dismissing a case, and that this court's precedent does not stand for the denial of all post-judgment motions for leave to amend." *Id.* (quotations omitted). In short, the Eighth Circuit found that the trial court's decision to deny the plaintiffs leave to amend was on the spectrum of what would be considered the district court's proper discretion. It made no comment on where the trial court's decision was located on that spectrum. This Court agrees with the Burkeens that, while still within the parameters of its

proper discretion, the district court's denial was an outlier—and no example for this Court to follow.

GM's reliance on *Begala*, or more properly *Begala II*, is similarly misguided, but for different reasons. Plaintiff, John Begala, filed his first lawsuit against PNC Bank, alleging that PNC violated the Truth-in-Lending Act. *Begala*, 214 F.3d at 778. The District Court dismissed Begala's complaint pursuant to Rule 12(b)(6). *Id.* Begala appealed and lost. *Id.* However, while the appeal was pending Begala again filed suit against PNC is in the same district Court, bringing additional RICO and National Bank Act claims against PNC. *Id.* PNC moved to dismiss the duplicative claims based on res judicata and argued that the RICO and National Bank Act claims failed to state a claim upon which relief could be granted. In response, Begala amended his complaint. PNC renewed their motion for dismissal raising the same arguments they had in their original. The district court granted PNC's motion to dismiss.

After the district court again dismissed Begala's claims, Begala timely appealed and sought clarification from the district court on whether he would be permitted to amend his complaint. *Id.* Begala never made a motion for leave to amend the complaint, nor did Begala provide the Court with a proposed amended complaint. *Id.* The district court denied Begala's motion for clarification. The Sixth Circuit upheld the all the district court's rulings, including the denial of Begala's motion for clarification. *Id.* at 783-84.

*Begala*'s facts do not line up with those before the Court. First, the district Court was facing duplicative litigation in *Begala*. This alone changes the circumstances drastically. But most importantly, Begala *never* sought leave to amend the complaint that had been dismissed—essentially for a second time—by the district court. Instead, Begala, without ever providing the district court with a proposed amended complaint, or even asking for leave to file one, asked the

6

court for clarification "apparently, to learn whether the [c]ourt would have granted the motions to dismiss had Plaintiffs amended the complaint to add certain allegations." *Id.* at 783 (6th Cir. 2000). The district court and the Sixth Circuit properly construed Begala's motion for clarification as what it was—a request for an advisory opinion on whether Begala should seek leave to amend. *Id.* at 784. The Sixth Circuit subsequently affirmed the district court's refusal to provide Begala such an advisory opinion. *Id.* But contrary to GM's suggestion, the Sixth Circuit decidedly did not lay down precedent that would per se restrict a district court from allowing a plaintiff to amend his complaint after a Rule 12(b)(6) dismissal. Furthermore, unlike Begala, the Burkeens explicitly moved to amend their Complaint, providing their proposed Second Amended Complaint to the Court for review—they did not ask the Court for what would amount to an advisory opinion.

Next the Court moves to GM's position that the Burkeens' proposed Second Amended Complaint seeks to add new substantive claims against GM. In making their argument GM attempts to distinguish this case from *Morse v. McWhorter*, 290 F.3d 795 (6th Cir. 2002). They have failed to do so. In fact, the Court finds *Morse* particularly instructive here.

In *Morse*, the district court dismissed the plaintiffs' complaint and denied leave to amend reasoning, just as GM reasons now, that:

> The course of action the plaintiffs elected to follow was a strategic decision of their own choice. It appears to have had about it a bit of the cat and mouse, i.e., let the Court first sort out the deficiencies in the pleadings and after judgment then seek to amend to patch up the matter and then attempt to close the rat holes. The plaintiffs had every opportunity to amend during the pendency of this matter and must accept the consequences of their delay.

7

*Morse*, 290 F.3d at 798. While sympathizing with the district court's frustration, the Sixth Circuit nonetheless overturned the district court's decision not to grant plaintiffs leave to amend their complaint post-judgment. *Id.* at 800.

GM is correct that the Sixth Circuit noted that the *Morse* plaintiffs were not attempting to add new substantive claims to their complaint, and that had they been, this might have changed the court's ruling. *Id.* at 801. But contrary to GM's argument, neither are the Burkeens. Instead, the Burkeens are attempting to flesh-out the claims of which GM had already been made aware. As GM points out, "in their proposed Second Amended Complaint, Plaintiffs offer new facts previously unannounced to GM or this Court." (R. 71). New facts—not new substantive claims. The two are not synonymous. The Burkeens' First Amended Complaint contains claims against GM for negligence and strict products liability but provides no factual basis for those claims. The Burkeens' proposed Second Amended Complaint includes only those same claims against GM but fleshes them out factually by alleging that GM failed to cover a protruding "D-ring" inside the cab of the truck with protective material, which violated GM's duty to keep vehicle occupants reasonably safe from severe head injury as prescribed by federal motor vehicle safety standards, and that this failure caused Ms. Burkeen's head injury. Under these circumstances, adding these factual allegations does not constitute adding substantive claims against GM. Thus, GM's attempt to distinguish this case from *Morse* fails. In fact, the Court finds that *Morse* offers guidance here, and suggests that the Burkeens' Motion should be granted.

GM also claims that the Burkeens' Motion should be denied because the Burkeens have offered no explanation for their failure to seek leave to amend prior to the entry of judgment and that the Burkeens are not entitled to *sua sponte* relief from this Court. (R. 71). First, the Burkeens have offered explanation. GM indicated to the Burkeens that GM would have "no objection" to

Judge Stivers dismissing the Burkeens' complaint with leave to refile (R. 26). The Burkeens' choice to wait and seek leave to amend after Stivers's ruling was by no means the most prudent course of action. But the Court can see how GM's indication might have encouraged the Burkeens to pursue such a course of action. As such, and contrary to GM's argument, the Court does not interpret the Burkeens to be seeking *sua sponte* relief from this court. Instead, they seek leave to amend their complaint—which GM previously indicated they would not object to yet does so now vigorously.

While the Court remains unpersuaded by GM's various arguments detailed above, the Court cannot dispute that there was an approximately nine-month delay from when the Burkeens were put on notice that their complaint may lack sufficient factual allegations to when they filed for leave to amend their complaint. But, while the Burkeens are undoubtedly responsible for the relevant delay, they are not solely responsible. As discussed, GM indicated to the Burkeens that they would have "no objection" to Judge Stivers dismissing the Burkeens' complaint with leave to refile (R. 26). However, as Judge Zouhary pointed out in his concurrence remanding this case, GM never made any attempt to initiate communication with the Burkeens. (R. 62). Moreover, it is entirely plausible that GM's indication that they would not object to post-dismissal amendment might have induced the Burkeens to rest on their laurels and await Judge Stivers's ruling before seeking leave to amend. The Court must also accept its own share of the responsibility for the delay. As Judge Clay notes:

> To be sure, moving for leave to file a second amended complaint after the filing of GM's motion to dismiss would have been the appropriate course of action for Plaintiffs to have taken. However, the eight-month hiatus was as much a consequence of the district court's unexplained delay in ruling on the motion to dismiss as Plaintiffs' shortcomings.

(R. 62). The Court is not comfortable refusing leave to amend based on a delay it shared responsibility for causing.

9

Furthermore, while the Court understands that allowing the Burkeens to amend their complaint after a nine-month delay might have caused GM some prejudice, it is not convinced that such prejudice would have been significant. *Duggins v. Steak"n Shake, Inc.*, 195 F.3d 828, 834 (6th Cir. 1999) ("To deny a motion to amend, a court must find 'at least some *significant* showing of prejudice to the opponent.'") (quoting *Moore v. City of Paducah*, 790 F.2d 557, 562 (6th Cir. 1986)) (emphasis added). The Court is similarly unpersuaded that any time added to the relevant delay by the Burkeens' appeal so increased the prejudice suffered by GM so as to rise to a degree that would prevent the case from now fairly and properly moving forward. Nor has GM specifically demonstrated as much. The Court finds GM's generic arguments concerning witness's fading memories and the like unconvincing. As the Burkeens point out, the accident was well documented, and GM likely has records of the vehicle's condition at sale. Finally, nothing prevented GM from conducting investigation while the case was pending on appeal.

Ultimately, the Court is sympathetic to GM's position. The Court cannot dispute that at the time that Judge Stivers dismissed the Burkeens' complaint with prejudice that there had been some delay. The Court also understands that to have allowed the Burkeens to amend their complaint would have caused GM some prejudice. That prejudice undoubtedly has, to some extent, increased during the pendency of the Burkeens' appeal. But as the Court has already discussed, delay caused by appeal is a natural and unavoidable part of litigation. When the Court weighs GM's concerns against the well-established preference for allowing claims to be decided on their merits, the Court finds that in the interests of justice the original dismissal should have been without prejudice. Further, the Burkeens should not now be denied leave to amend based on undue delay or prejudice suffered by GM. However, their remains to be addressed GM's final argument.

GM's final argument is that the Burkeens' Motion should be denied as futile. Denial of leave to amend may be appropriate if the amendment is determined to be futile. *See Miller v. Champion Enters., Inc.*, 346 F.3d 660, 690 (6th Cir. 2003). A motion to amend is deemed futile if the proposed amendment "could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). "When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the district court must accept all of the allegations in the complaint as true, and construe the complaint liberally in favor of the plaintiff." *Lawrence v. Chancery Court of Tenn.*, 188 F.3d 687, 691 (6th Cir. 1999) (citing *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)). The Court will consider only the complaint, which must include "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007).

Here, comparing this case to *Adkins v. Chevron Corp.*, 960 F. Supp. 2d 761, 772 (E.D. Tenn. 2012), GM argues that the Burkeens have done nothing more in their proposed Second Amended Complaint than to make "naked allegations" and "conclusory allegations," which cannot withstand a motion to dismiss. (R.71). The Court disagrees.

This case is not *Adkins*. *Adkins* concerned alleged injury caused by radioactive hazardous material released by a nuclear fuel processing facility. The case largely hinged upon questions of federal preemption. However, the court also held that the plaintiffs' complaint could not withstand a 12(b)(6) motion to dismiss where the plaintiffs merely made conclusory allegations that the defendants violated federal regulations and statutes. GM claims that this is what the Burkeens have done in their proposed Second Amended Complaint. It is not.

The Burkeens' Second Amended Complaint alleges that there was a protruding "D-ring" located inside the cab of the GM vehicle. The Burkeens' claim further that GM failed to cover that protruding D-ring with protective padding material, and that failure breached GM's duty to afford head impact protection to vehicle occupants. Like the *Adkins* plaintiffs, the Burkeens complaint includes a federal regulation, namely 49 C.F.R. § 571.201. However, unlike the *Adkins* who merely listed federal regulations without explaining how the defendants violated those regulations, or how the violations caused the plaintiffs' injuries, the Burkeens specifically claim GM's failure to cover the protruding D-ring in protective material violated 49 C.F.R. § 571.201 and caused Ms. Burkeen's head injuries. Whether GM in fact failed to comply with 49 C.F.R. § 571.201, or whether 49 C.F.R. § 571.201 even provides the relevant standard of care, is an issue to be resolved at a latter stage of the proceedings. At this stage of the proceedings, and taking all allegations against GM as true, the Court is not prepared to find the Burkeens' proposed amendment futile. The Burkeens' Motion is Granted.

   **CONCLUSION**

**IT IS SO ORDERED** that the Burkeens' Motion, (R. 67), is **GRANTED**.

The Clerk of Court is **DIRECTED** to file the Burkeens' Amended Complaint attached to Docket No. 67 as Exhibit B.

The Court shall file an order contemporaneously herewith setting a telephonic conference with the Parties.

                                                                          **Thomas B. Russell, Senior Judge**
                                                                           **United States District Court**
                                                                                 May 7, 2019

cc. counsel of record